IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES D. COCHRAN                                                                                     PLAINTIFF
ADC #122317

V.                                           NO: 5:10CV00377 JLH/HDY

PATRICK STEPHENSON *et al.*                                                                 DEFENDANTS

## ORDER

Plaintiff, currently held at Arkansas Department of Correction's Varner Unit, filed a *pro se* complaint (docket entry #1), on December 29, 2010. On March 8, 2011, Plaintiff filed a motion for discovery (docket entry #17), and a motion for appointment of counsel (docket entry #18).

Motion for discovery

Plaintiff's motion for discovery is essentially a discovery request that should be served upon Defendants after they have filed a response to his complaint. Accordingly, the motion will be denied.

Motion for appointment of counsel

It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that the nature of the litigation is such that the plaintiff, as well as the Court, will benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.

*Id*. at 1322-23.  These factors are not an exclusive checklist, and the "weight to be given any one factor will vary with the case."  *Id*. at 1323; *see also Stevens*, 146 F.3d at 546; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Plaintiff's claims are not legally or factually complex.  Furthermore, it appears from the record that Plaintiff is capable of presenting his claims without the benefit of appointed counsel.  Thus, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for discovery (docket entry #17) is DENIED.

2. Plaintiff's motion for appointment of counsel (docket entry #18) is DENIED.

DATED this   14   day of March, 2011.

UNITED STATES MAGISTRATE JUDGE